UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CARL J. TATE (#158572)

VERSUS                                          CIVIL ACTION

CITY OF BATON ROUGE, ET AL                      NUMBER 08-390-RET-SCR


**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 25, 2010.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARL J. TATE (#158572)

VERSUS                                           CIVIL ACTION

CITY OF BATON ROUGE, ET AL                       NUMBER 08-390-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

This case is before the court on an Order to Show cause. Record document number 16.

Pro se plaintiff, while an inmate confined at Avoyelles Correctional Center, Cottonport, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the City of Baton Rouge, East Baton Rouge Parish, Police Chief Jeff LeDuff, and unidentified John Doe police officers. Plaintiff alleged that on June 30, 2007, he was beaten without provocation during an arrest in violation of his constitutional rights.

A review of the record showed that defendants East Baton Rouge City Police Department, Neil C. Porter, Thomas S. Morse, Jr., CAAN T. Castleberry and unidentified Supervisor were served with a summons and complaint on October 21, 2009.[1] None of them has filed a responsive pleading or otherwise made an appearance, and the time allowed by Rule 12(a)(1), Fed.R.Civ.P., for the defendants to file a responsive pleading has expired. However, the plaintiff has not

---

[1] Record document number 14.

sought entry of a default against any of them. Pursuant to Rule 41(b), Fed.R.Civ.P., a complaint may be dismissed for failure to prosecute. Pursuant to Local Rule 41.3M(B), when no responsive pleadings have been filed or no default has been entered within 60 days afer service of process the court may dismiss a complaint for failure to prosecute.

Consequently, the plaintiff was ordered to show cause on February 12, 2010, why the complaint should not be dismissed for failure to prosecute pursuant to Rule 41(b) and Local Rule 41.3M(B). A written response to this order had to be filed by 5:00 p.m., February 12, 2010. Plaintiff was warned that failure to timely comply with this order may result in dismissal of the complaint.

Plaintiff failed to file any response to the show cause order.

It is apparent that the plaintiff no longer has any interest in pursuing his claims. Virtually all action in the case was prompted by the court issuing a show cause order.[2] Any sanction short of dismissal will not likely result in the plaintiff diligently prosecuting his case.

## Recommendation

It is the recommendation of the magistrate judge that the

---

[2] See record document numbers 8, 9 and 13.

plaintiff's complaint be dismissed for failure to prosecute.

Baton Rouge, Louisiana, February 25, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3